IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RADIANT PLUMBING SERVICE, INC., | § § § | No. 1:17-CV-274-DAE |
| Plaintiff, | § § § | |
| vs. | § § § | |
| RELIANT PLUMBING & DRAIN CLEANING, LLC AND MAX HICKS, | § § § | |
| Defendants. | § § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is a Report and Recommendation ("Report") submitted by United States Magistrate Judge Mark Lane. (Dkt. # 98.) The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Lane's recommendation. The District Court **HOLDS IN CONTEMPT** Defendant Reliant for violating the settlement agreement the District Court entered in 2019, and **FURTHER AWARDS** Plaintiff Radiant compensatory damages as well as attorney's fees.

BACKGROUND

Plaintiff Radiant ("Plaintiff" or "Radiant") and Defendants Plumbing & Drain Cleaning, LLC ("Reliant") and its sole owner, Max Hicks (collectively,

"Reliant") entered into a Settlement agreement in February of 2019. The Court entered Final Judgment and Permanent Injunction, ordering that Reliant is permanently enjoined and restrained from "using "Radiant" or any phrases that include the term "Radiant" in their marketing efforts, including as a keyword or metatag in any electronic advertising[.]"

In 2022, Radiant reached out to Reliant because Reliant was violating the injunction. Reliant hid their use of the term "Radiant" and responded to Radiant that it was not violating their agreement. Evidence shows that between February 2019 and December 2022, Reliant spent $127,649.30 on "Radiant" and phrases including the term "Radiant" as a keyword. Additionally, there is clear and convincing evidence that Reliant's owner, Max Hicks, was consciously aware of his actions to continue using the keyword "Radiant" for the company's Google Ads platform.

Judge Lane issued a Report and Recommendation on May 30, 2024, recommending the Court **HOLD IN CONTEMPT** Defendant Reliant for violating the District Court's Judgment and **FURTHER AWARD** Plaintiff Radiant compensatory damages in the amount of $217,128 as well as attorney's fees.

## APPLICABLE LAW

The Court must review de novo any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  Plaintiff's baseless request for recusal is not an objection to the Report and Recommendation.  Idrogo v. Nirenberg, No. 5:19-CV-00804-OLG, 2020 WL 10056301, at *1 (W.D. Tex. Mar. 23, 2020).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

I. <u>Reliant is Properly Held in Contempt</u>

In his report, Judge Lane found that Radiant met its burden to prove Reliant's contempt by clear and convincing evidence. A party seeking a contempt order need only establish: "(1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." F.D.I.C. v. LeGrand, 43 F.3d 163, 170 (5th Cir. 1995). Reliant does not object to Judge Lane's finding that it be held in contempt. (See Dkt. # 102.) With no objection to this finding, the Court determines there is no clear error and that holding Reliant in contempt and awarding damages is appropriate.

II. <u>Parties Disagree on the Period for Attorney's Fees</u>

Radiant objects to Judge Lane's assessment that "its damages brief "mischaracterize[d] the positions the parties took regarding discovery" and his subsequent suggestion that Radiant's attorney's fees may not extend to the discovery period. (Dkt. # 101 at 1.) Radiant alleges that Judge Lane misread its motion and that its position is that Reliant asked for unnecessary discovery, which significantly increased Radiant's attorneys' fees, meaning the attorney's fees period should extend to discovery.

Reliant responds that the overall fee award should exclude fees for discovery and that Judge Lane did not err in suggesting the period may be limited.

The Court reviews the applicable period de novo.

"Almost without exception it is within the discretion of the trial court to include, as an element of damages assessed against the defendant found guilty of civil contempt, the attorneys' fees incurred in the investigation and prosecution of the contempt proceedings." Fund v. Highland Capital Mgmt. (In re Highland Capital Mgmt.), 98 F.4th 170, 176 (5th Cir. 2024) (quoting In re Skyport Glob. Commc'ns, 661 F. App'x 835, 841 (5th Cir. 2016)). Radiant argues that it is entitled to the attorneys' fees it incurred during discovery. But it was not only Reliant who pushed for discovery. Both sides pursued discovery. See Dkt. 59 at 6 (Radiant seeks "discovery and additional briefing on the scope and amount of damages, as well as attorneys' fees.")

Radiant says that Reliant pushed for discovery that was unnecessary, which greatly increased its attorneys' fees. (Dkt. # 101 at 2.) Radiant explains that if discovery "on liability and unclean hands, as well as an evidentiary hearing, were not necessary, then Defendants' insistence on both warrants a full award of Radiant's fees." (Id. at 3.) Radiant argues in the alternate that if the discovery were instead necessary, then those costs "were a necessary part of prosecuting Defendants' contempt, which Radiant should be compensated for." (Id.)

Radiant has yet to brief its attorney's fees or provide any evidence of the fees to the court. (Dkt. # 98.) If Radiant truly believes it is entitled to damages stemming from the discovery period, Radiant should include a section in its motion explaining the unnecessary discovery Reliant prompted and Radiant's related fees, along with any relevant caselaw supporting its position. Judge Lane's report does not appear to this Court to definitively limit the period of Radiant's fees, but only suggests that the period "may not be as temporally broad as Radiant might wish." (Dkt. # 98 at 11.) Radiant now need provide support and evidence for all attorney's fees it attempts to claim in its future motion for fees.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, with slight clarification and **HOLDS IN CONTEMPT** Defendant Reliant. The Court **FURTHER AWARDS** Plaintiff Radiant compensatory damages in the amount of **$217,128** as well as attorneys' fees, the amount of which to be determined after Plaintiff Radiant's motion for attorneys' fees.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, August 14, 2024.

_____
David Alan Ezra
Senior United States District Judge