IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RADIANT PLUMBING SERVICE, INC., <br> *Plaintiff*, <br><br> v. <br><br> RELIANT PLUMBING & DRAIN CLEANING, LLC and MAX HICKS, <br> *Defendants*. | § <br> § <br> § <br> § <br> § No. 1:24-cv-274-DAE <br> § <br> § <br> § <br> § <br> § |

### ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

Before the Court is the Report and Recommendation ("Report") of U.S. Magistrate Judge Mark Lane, issued on November 22, 2024. (Dkt. # 111), recommending the Court award attorneys' fees in the amount of $282,921.76 to Plaintiff Radiant Plumbing Service, Inc. ("Radiant") following its successful contempt proceedings against Defendants Reliant Plumbing & Drain Cleaning, LLC, and Max Hicks ("Defendants").[1] Defendants timely objected to the Report on December 6, 2024 (Dkt. # 112), and Radiant filed a response to those objections on December 17, 2024 (Dkt. # 113).

---

[1] Judge Lane recommended the Court GRANT IN PART and DENY IN PART Radiant's Application for Attorney's fees, based on a recommendation that the proposed lodestar amount be reduced by 12%.

1

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the objected-to portions of the Recommendation and reviewing the unobjected-to portions for clear error, the Court **ADOPTS** the Recommendation in its entirety. Accordingly, Radiant's Application for Attorneys' Fees is **GRANTED IN PART** and **DENIED IN PART**. (Dkt. # 105.)

## BACKGROUND

This case arises out of Radiant's claims against Defendants based on Defendants' purported misuse of Radiant's marks and trade dress. (Dkt. # 1.) After litigating this matter for several years, the parties entered into a confidential settlement agreement in early 2019. (Dkt. # 111 at 1.) The Court subsequently entered a Final Judgment and Permanent Injunction incorporating the terms of the settlement. (Dkts. ## 55, 56.)

In September 2023, Radiant filed a Motion for Contempt, alleging that Defendants had violated the settlement agreement by, among other things, using Radiant's name as a keyword for Google Ads without authorization. (Dkt. # 59.) The Court referred the contempt motion to Judge Lane. After a hearing and limited discovery, Judge Lane issued a Report and Recommendation finding that Defendants had violated the settlement agreement and recommending awarding compensatory damages and attorneys' fees. (Dkt. # 98.)

The Court adopted the Magistrate Judge's contempt findings, and awarded Radiant $217,128 in compensatory damages, as well as attorney fees, the amount of which was to be determined after Radiant filed an application for attorney fees. (Dkt. # 103.)

Radiant subsequently filed the instant Application, seeking $321,505 based on 644.5 hours of work at a blended hourly rate of $498.84. (Dkt. # 105.) Defendants opposed the motion, arguing that the amount sought was excessive and that settlement history, billing inefficiencies, and Radiant's failed attempt to seek gross damages, rather than net profits, warranted a substantial reduction. (Dkt. # 106.)

After reviewing the briefing and record, Judge Lane recommended a 12% downward adjustment to the lodestar amount to reflect the results obtained (warranting a 7 % reduction) and minor billing inefficiencies (warranting a 5% reduction), resulting in a recommended award of $282,921.76. (Dkt. # 111 at 8.) Defendants now object to that recommendation. (Dkt. # 112.)

## LEGAL STANDARD

I. Review of Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or

recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.   Attorneys' Fees

Courts in the Fifth Circuit apply the lodestar method to calculate attorneys' fees. Black v. SettlePou, P.C., 732 F.3d 492, 502 (5th Cir. 2013) (citing Heidtman v. Cnty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. Id. (citing Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir. 2012)). The appropriate hourly rate is defined by the market rate in the community in which the district court sits and should reflect the prevailing market rates, not the rates that "lions at

the bar may command." Black, 732 F.3d at 502 (citing Smith & Fuller, 685 F.3d at 490).

Litigants seeking attorneys' fees have the burden to show the reasonableness of the hours billed and that the attorneys exercised reasonable billing judgment. Black, 732 F.3d at 502 (citing Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 799 (5th Cir. 2006)); Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996). The lodestar amount is entitled to a strong presumption of reasonableness. Black, 732 F.3d at 502 (citing Perdue v. Kenny A., 559 U.S. 542, 552 (2010)).

After calculating the lodestar amount, the district court may adjust the amount of attorneys' fees based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[2] Id. Many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double counted. See id.; Jason D.W. v.

---

[2] These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Black, 732 F.3d at 502 n.7 (citing Johnson, 488 F.2d at 717–19).

Houston Indep. School Dist., 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

## DISCUSSION

I.    Unobjected-to Portions of the Report and Recommendation

As to the portions of the Report to which no objection was made, the Court has carefully reviewed the Report for clear error and finds none. Judge Lane's calculation of the lodestar and determination of reasonable rates were well-supported by the record. Accordingly, the Court **ADOPTS** the Report's recommendations as to these findings.

II.    Objections

A.    Settlement Offers and Reduction Based on Results Obtained

Defendants first object to Judge Lane's refusal to consider the history of settlement offers, as it relates to the contempt proceedings, in evaluating the reasonableness of Radiant's attorneys' fees. (Dkt. # 112 at 2–3.) Defendants argue that the "history of settlement offers should be considered and reinforces that Radiant's billed hours were not reasonable and necessary." (Id. at 2.)

However, Defendants' reliance on instructions from the Court in a 2017 scheduling order to "retain written offers of settlement and responses" to assist the Court in calculating attorneys' fees at the conclusion of trial is unpersuasive. (See Dkt. # 14.) As an initial matter, the scheduling order language

6

Defendants rely on does not indicate either party was entitled to a reduction in attorneys' fees based on settlement history. Further, that scheduling order pertained to the underlying action – not the contempt proceeding. Moreover, even if the Court were to consider Defendants' January 2024 settlement offer, that offer does not support a finding that it was unreasonable for Radiant to continue litigation.[3] Defendants' settlement offer was for $35,500 – a fraction of the $217,128 in compensatory damages the Court ultimately awarded to Radiant as a result of Defendants' contempt.[4] Thus, the Court agrees with Judge Lane that the settlement history in the contempt proceeding is not relevant to the calculation of attorneys' fees.

    In support of their objection to Judge Lane's refusal to consider settlement history in determining fee reasonableness, Defendants also assert that "Radiant's excessive attorney hours [following the January 2024 settlement offer] were driven by Radiant's insistence it was entitled to gross rather than net profits, maintaining Radiant's damages were in the millions of dollars and rejecting

---

[3] The January settlement offer is most relevant to Defendants' objection, as they argued in their response to the Application for Attorneys' Fees that Plaintiff should not receive fees for any hours billed after January 2024. (See Dkt. # 106 at 2.)

[4] The Court notes that Defendants' subsequent settlement offer of $425,000 on March 25, 2024 was contingent on a change to the terms of the injunction – a complication that supports Judge Lane's statement that considering competing settlement offers "would open Pandora's box on collateral issues that detract from the purpose of this award." (Dkt. # 111 at 7.)

7

reasonable settlement offers that attempted to approximate net profits." (Dkt. # 112 at 2.) It is true that during the contempt proceedings the Magistrate Judge rejected Radiant's proposed method of calculating damages using gross profits. (Dkt. # 111 at 7.) However, as Judge Lane's Report noted, in addition to rejecting Radiant's proposed method, the Court also rejected Defendants' proposed method of disgorgement, in favor of an award based on net profits in the industry. (Id. at 7.) Thus, Defendants' contention that all hours billed following the January 2024 settlement offer were unreasonable simply because Plaintiff did not prevail on its damages position is unpersuasive.

        In their response in opposition to the Application for Attorneys' Fees, Defendants argued for a 20% downward adjustment after consideration of the Johnson factor that assesses the "results obtained." (Dkt. # 106 at 6–7.) The Supreme Court has made clear that "[t]here is no precise rule or formula for making these determinations." Hensley v. Eckerhart, 461 U.S. 424, 436–37 (1983). Rather, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." (Id.) Here, the Court agrees with Judge Lane that reducing the lodestar amount by 7% in light of Plaintiff's partial success in litigating the amount of relief it was entitled to based on Defendants' contempt is appropriate.

8

Accordingly, this objection is **OVERRULED**.

B.     Finding Regarding Defendants' Non-Compliance

Defendants next object to the Magistrate Judge's statement that Defendants "never truly attempted to abide by the settlement agreement," contending that Defendants in fact complied "until mid-2019." (Dkt. # 112 at 3–4.) This argument epitomizes a distinction without a difference. The operative settlement agreement was entered into in February 2019. The fact that Defendants waited several months before violating the Court's injunction does not warrant a finding that they sincerely attempted to comply with the settlement agreement. Moreover, as previously found in the Court's contempt ruling (Dkt. # 103) Defendants spent $127,649.30 on keyword search terms including the word "Radiant," in direct defiance of the settlement agreement and the Court's order. Thus, the Court finds Judge Lane did not mischaracterize the record by making this statement, in order to support his recommendation that Plaintiff receive attorneys' fees that exceed the amount of its damages award. Accordingly, this objection is **OVERRULED**.

C.     Billing Reduction Amount

Finally, Defendants object to Judge Lane's finding "that a reduction of only 5% was appropriate to account for Radiant's block-billing, duplicative and redundant entries, and administrative work." (Dkt. # 112 at 3.) However, the

9

Court finds this objection is without merit. Whereas, here, the billing records provide sufficient detail for the Court to assess reasonableness, and where all tasks relate to the investigation and prosecution of Defendants' contempt, a more substantial reduction for block billing is not appropriate. See KeyCorp v. Holland, 2017 WL 606617, at *15 (N.D. Tex. Feb. 15, 2017) (declining to discount for block billing where the time entries did not "require the Court to guess how much time should be allocated to activities pertaining to the Sanctions Motion and how much should be allocated to unrelated tasks."). Accordingly, the Court finds Judge Lane appropriately exercised discretion in applying a modest 5% reduction based on Radiant's billing inefficiencies.

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** U.S. Magistrate Judge Mark Lane's Report and Recommendation in full as the opinion of this Court. (Dkt. # 111.) The Application for Attorneys' Fees is **GRANTED IN PART AND DENIED IN PART.** (Dkt. # 105.) The Court **AWARDS** Plaintiff Radiant Plumbing Service, Inc. attorneys' fees in the amount of **$282,921.76.**

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, April 29, 2025.

_____
David Alan Ezra
Senior United States District Judge

11